09-0640-ag
Weng v. Holder

BIA
Chew, IJ
A077-322-541

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of January, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > **Chief Judge**,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> > **Circuit Judges**.

——————————————————————————————

MEI FANG WENG,
> **Petitioner**,

    v.                      09-0640-ag
                            NAC

UNITED STATES DEPARTMENT OF JUSTICE, AND ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> **Respondents**.

——————————————————————————————

FOR PETITIONER:      Yee Ling Poon (Robert Duk-Hwan Kim, *on the brief*), New York, N.Y.

**FOR RESPONDENTS:**        **Tony West, Assistant Attorney General, Civil Division; Shelley R. Goad, Senior Litigation Counsel; Katharine E. Clark, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Mei Fang Weng, a native and citizen of the People's Republic of China, seeks review of a January 23, 2009 order of the BIA affirming the November 5, 2002 decision of Immigration Judge ("IJ") George T. Chew denying Weng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Mei Fang Weng, No. A 077 322 541 (B.I.A. Jan. 23, 2009), aff'g No. A 077 322 541 (Immig. Ct. N.Y. City Nov. 5, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

**I.   Scope of Review**

When the BIA adopts the conclusions of the IJ and upholds the IJ's adverse credibility finding, but does so for reasons other than those cited in the IJ's decision,

this Court reviews the decision of the IJ as supplemented by the BIA, provided that the BIA's supplemental findings do not extend beyond the scope of its review under 8 C.F.R. § 1003.1(d)(3)(i), (iv). See Xian Tuan Ye v. DHS, 446 F.3d 289, 293, 296 (2d Cir. 2006). Weng asserts that the BIA did not clearly affirm the IJ's adverse credibility determination. That argument lacks merit because the BIA found no error in the IJ's denial of Weng's application for relief "for failing to meet her burden of proof" and noted that the IJ's decision was based on an adverse credibility determination.

In affirming the IJ's credibility determination, the BIA made an additional finding concerning Weng's credibility – that the submission of an abortion certificate was inconsistent with country conditions evidence indicating that such certificates are only issued for voluntary abortions. Weng asserts that this constituted impermissible factfinding. See 8 C.F.R. § 1003.1(d)(3). However, in the IJ's July 2001 decision, which was superceded by his November 2002 decision, the IJ made much the same finding as the BIA. Thus, the BIA's finding was based on facts already in the record. See Xian Tuan Ye, 446 F.3d at 296.

3

**II. Adverse Credibility Determination**

We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir. 2008). We review de novo questions of law and the application of law to undisputed fact. See Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. See Corovic, 519 F.3d at 95. As the IJ found, Weng testified that she was working as a school teacher when she found out she was pregnant, but the abortion certificate she submitted listed her occupation as "housework." Although Weng asserts that she adequately explained this inconsistency, her explanation would not compel a reasonable factfinder to credit it. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir. 2005). Additionally, the BIA reasonably found that Weng's submission of an abortion certificate undermined her claim that her abortion was forced in light of country conditions evidence indicating that such certificates are generally only issued for voluntary abortions. See Xiao Xing Ni v. Gonzales, 494 F.3d 260, 263 (2d Cir. 2007); Tu Lin v. Gonzales, 446 F.3d

4

395, 400 (2d Cir. 2006).

The agency also reasonably found that Weng's failure to provide any corroborating letters or affidavits from any of the individuals she mentioned during her testimony further placed her credibility in question. See Biao Yang v. Gonzales, 496 F.3d 268, 273 (2d Cir. 2007). Contrary to Weng's assertion, an IJ need not first identify the particular pieces of missing, relevant evidence, and show that this evidence was reasonably available to the applicant before relying on a lack of corroboration to support an adverse credibility finding. See Diallo v. Gonzales, 445 F.3d 624, 633-34 (2d Cir. 2006). Because Weng's testimony was not otherwise credible, the agency properly relied on the lack of corroborative evidence.

Because substantial evidence supports the agency's adverse credibility determination, see Corovic, 519 F.3d at 95, Weng's claims for asylum, withholding of removal, and CAT relief each fail because the only evidence that she was likely to be persecuted or tortured depended upon her credibility. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir. 2006); Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 523 (2d Cir. 2005).

5

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____